IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

LARRY W. McKENZIE, #K4202                                                              PETITIONER

VS.                                                            CIVIL ACTION NO.  3:15cv10-CWR-FKB

JIM HOOD, Attorney General of the State
of Mississippi                                                                          RESPONDENT

## REPORT AND RECOMMENDATION

This matter is before the Court on Respondent's Motion to Dismiss [19], to which the Petitioner has responded.  Respondent argues that the petition should be dismissed because it is untimely.  Alternatively, Respondent argues that McKenzie failed to exhaust state remedies, therefore the petition should be dismissed on that basis. For the reasons explained below, the Motion to Dismiss should be **granted**.

## FACTS AND PROCEDURAL HISTORY

On September 26, 2000, McKenzie pleaded guilty to a charge of statutory rape in the Circuit Court of Lauderdale County, Mississippi.  [19-1].  McKenzie initialed a section of the guilty plea that stated that he "could be sentenced to -0- to 30 years imprisonment (without any good time or early release consideration [,] i.e. day for day) and/or a fine of -0- to $10,000." [19-1] at 1.  The Circuit Court sentenced McKenzie to a term of twenty (20) years in the custody of the Mississippi Department of Corrections ("MDOC"), with five (5) years suspended, and five (5) years of post-release supervision. [19-2].  The Order instructed that after McKenzie had completed fifteen years in the custody of the MDOC, he should be remanded to the supervision of the MDOC to complete the suspended and probationary portion of the sentence under the jurisdiction of the court.  *Id.*  The Order specified that McKenzie was to pay certain restitution,

costs, and fees, as well as receive 25 days of credit on his sentence for the time he was in custody prior to sentencing, from August 28, 1999, to September 22, 1999. *Id.*

McKenzie's Petition [1] was filed in this Court on January 6, 2015. In the Petition, McKenzie does not attack his guilty plea or his sentence as handed down by the trial court. Instead, he argues on several bases that the MDOC has unconstitutionally denied him meritorious earned time ("MET") of approximately 2,120 days, or over five and one-half years. Thus, he asserts that his sentence has expired, and he is being held beyond his proper release date. Petitioner fails to attach to his petition any documentation supporting his calculations. The Court notes that McKenzie also freely admits that he has a petition or appeal now pending in state or federal court regarding this issue. [1] at 3, 6. In any event, McKenzie requests immediate release from his incarceration because his sentence has expired based on his accumulation of MET.

The State responded to the Petition with a Motion to Dismiss. In the Motion, the State summarizes McKenzie's various challenges to the validity of his plea and sentence in state court from 2003 to 2012, and points out that McKenzie did not assert his current claim regarding MET credits in any of those filings. Considering this litigation history, the State first argues that the petition should be dismissed as untimely under 28 U.S.C. § 2244(d)(1)(D).[1] Alternatively, the

---

[1] Section 2244(d)(1)(D) states, as follows:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

State argues that McKenzie's petition should be dismissed pursuant to 28 U.S.C. § 2254(b)(1) and (c), *see infra*, because he has never properly presented his argument that he is entitled to a reduction of his sentence based on MET to the State's highest court.  McKenzie filed a Response [20] to the Motion to Dismiss, and he requested a hearing on the Motion. [21].

Thereafter, Petitioner filed a Change of Address [24] with the Court.  After examining the Change of Address and utilizing the "Inmate Search" function of the MDOC's website,[2] the Court has determined that McKenzie is no longer in the custody of the MDOC.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996, signed into law on April 24, 1996, amended the statute governing writs of habeas corpus, 28 U.S.C. § 2254.  The relevant portions of the statute provide as follows:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that --
>    (A) the applicant has exhausted the remedies available in the courts of the State; or
>    (B)(i) there is an absence of available State corrective process; or
>    (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
> \* \* \*
> (3) A state shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254 (1996).

---

[2]*See* https://www.ms.gov/mdoc/inmate.

As stated above, Respondent argues that McKenzie's petition should be dismissed because he has failed to exhaust his available state court remedies and because the petition is untimely. The undersigned declines to address the timeliness argument. However, the Court finds that the petition should be dismissed for McKenzie's failure to exhaust state court remedies or, alternatively, it finds that the petition is moot due to Petitioner's release.

Applicants seeking federal habeas relief under section 2254 are required to exhaust all claims in state court prior to requesting federal collateral relief. *See Edwards v. Carpenter*, 120 S.Ct. 1587 (2000); *Coleman v. Thompson*, 501 U.S. 722, 729-55 (1991); *Whitehead v. Johnson,* 157 F.3d 384, 387 (5th Cir. 1998). The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court. *Edwards*, 120 S.Ct. at 1587; *see also Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999); *Whitehead*, 157 F.3d at 387. Petitioner has quite plainly not met this requirement, and he freely admits his failure to exhaust within the body of his petition. [1] at 3. As of the filing of this action, Petitioner was pursuing an action in State court regarding his perceived right to MET. *Id.* Because Petitioner has failed to exhaust his state court remedies, this Court may not grant habeas relief. *See* 28 U.S.C. § 2254(b) - (c).

Alternatively, the Court finds that McKenzie's petition is now moot because it appears that he has been released from MDOC custody. "In the absence of its being raised by a party, this court is obliged to raise the subject of mootness *sua sponte.*" *Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987). "Courts generally consider a prisoner's habeas challenge to be mooted by the release from custody, unless 'some concrete and continuing injury' or 'collateral consequence' of the conviction exists." *Colter v. Kelly*, 2011 WL 587312 at *2 (S.D. Miss. Jan.

21, 2011)(quoting *Spencer v. Lemna,* 523 U.S. 1, 7(1998)).  However, when a prisoner, like the petitioner in this case, "merely contests the imposition or duration of his confinement, and not the conviction itself, the case becomes moot when he is no longer confined." *Id.* (citing *Lane v. Williams,* 455 U.S. 624, 631 (1982)).  Because McKenzie contests the MDOC's calculation of the length of his sentence, and not his guilty plea or the imposition of the sentence, the undersigned finds that McKenzie's petition is mooted by his release.

## CONCLUSION

Accordingly, for the reasons stated above, the Respondent's Motion to Dismiss should be **granted**, and this case should be dismissed with prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. §636, *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

RESPECTFULLY SUBMITTED, this the 4th day of January, 2016.

         /s/ F. Keith Ball
   UNITED STATES MAGISTRATE JUDGE